UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE FRANKLIN, BOOKING #19755604, CDCR #H-57496,<br><br>                       Plaintiff,<br><br>vs.<br><br>JOSEPH GOMEZ, et al.,<br><br>                       Defendants. | Case No.: 21cv252-MMA (AGS)<br><br>**ORDER DENYING MOTION TO PROCEED IN FORMA PAUPERIS;**<br><br>[Doc. No. 2]<br><br>**DISMISSING CIVIL ACTION FOR FAILURE TO PAY FILING FEE** |

      Plaintiff Robert Lee Franklin, currently incarcerated at the George F. Bailey Detention Facility in San Diego, California, has filed a civil rights Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971) (recognizing an implied right to seek damages for the violation by a federal actor of a right secured by the Constitution or laws of the United States). *See* Doc. No. 1. He has also filed a Motion for leave to proceed in forma pauperis ("IFP"). *See* Doc. No. 2. Plaintiff alleges his civil rights were violated by several Carlsbad Police Officers, several private security officers employed by the Westfield Corporation, the owners of that corporation, two Deputy Public Defenders and a Deputy Attorney General, in connection with his arrest at the Westfield Mall and subsequent conviction for theft, which was

overturned on appeal and for which he was again convicted based on a coerced plea agreement. Because Plaintiff has identified no federal actors, the Court will liberally construe his Complaint under 42 U.S.C. § 1983 rather than *Bivens*. *See Tsao v. Desert Palace*, Inc., 698 F.3d 1128, 1138 (9th Cir. 2012) (noting that 42 U.S.C § 1983 provides a cause of action where a right secured by the Constitution and laws of the United States was violated by a person acting under color of state law).

## I.     Motion to Proceed IFP

### A.     Standard of Review

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $402.[1] *See* 28 U.S.C. § 1914(a). The action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007); *Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999).

For prisoners like Plaintiff, however, the Prison Litigation Reform Act ("PLRA") amended 28 U.S.C. § 1915 to preclude the privilege to proceed IFP:

> . . . if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief can be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).

"[S]ection 1915(g)'s cap on prior dismissed claims applies to claims dismissed both before and after the statute's effective date." *Tierney v. Kupers*, 128 F.3d 1310,

---

[1] In addition to a $350 fee, civil litigants, other than those granted leave to proceed IFP, must pay an additional administrative fee of $52. *See* 28 U.S.C. § 1914(a) (Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2020)).

1312 (9th Cir. 1997). "Strikes are prior cases or appeals, brought while the plaintiff was a prisoner, which were dismissed on the ground that they were frivolous, malicious, or failed to state a claim," *Andrews v. King*, 398 F.3d 1113, 1116 n.1 (9th Cir. 2005) (internal quotations and brackets omitted), "even if the district court styles such dismissal as a denial of the prisoner's application to file the action without prepayment of the full filing fee." *O'Neal v. Price*, 531 F.3d 1146, 1153 (9th Cir. 2008). To constitute a strike, a dismissal must be based on one of the enumerated grounds contained in 28 U.S.C. § 1915(g). *El-Shaddai v. Zamora*, 833 F.3d 1036, 1042 (9th Cir. 2016), citing 28 U.S.C. § 1915(g) (enumerating grounds as "dismissed on the grounds it is frivolous, malicious, or fails to state a claim upon which relief may be granted.") "In other words, '(w)hen we are presented with multiple claims within a single action, we assess a PRLA strike only when the "case as a whole" is dismissed for a qualifying reason.'" *Harris v. Harris*, 935 F.3d 670, 674 (9th Cir. 2019), quoting *Washington v. L.A. Cnty. Sheriff's Dep't*, 833 F.3d 1048, 1057 (9th Cir. 2016), quoting *Cervantes*, 493 F.3d at 1054. A prisoner who has accumulated three strikes is prohibited by § 1915(g) from pursuing any other IFP action in federal court unless he can show he is facing "imminent danger of serious physical injury." *See* 28 U.S.C. § 1915(g); *Cervantes*, 493 F.3d at 1051-52.

**B.     Discussion**

**1. Prior strikes**

The Court may consider the district court docket to determine if any prior dismissals qualify as strikes. *Andrews*, 398 F.3d at 1119-20. Based on the docket of this Court the Court finds that Plaintiff Robert Lee Franklin, identified as CDCR Inmate #H-57496 and George Bailey Detention Facility Booking #19755604, has had at least three prior prisoner civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted. They are:

(1) *Franklin v. California*, No. 99cv0035-JAH (S.D. Cal. Feb. 5, 1999) (Order denying motion to proceed IFP and dismissing complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 3] (strike one);

(2) *Franklin v. Alvis, et al.*, No. 06cv1759-IEG (WMC) (S.D. Cal. Jan. 1, 2007) (Order dismissing first amended complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 9] (strike two); and

(3) *Franklin v. Ferguson, et al.*, No. 09cv1797-H (JMA) (S.D. Cal. Mar. 15, 2010) (Order dismissing first amended complaint on the grounds it is "[f]rivolous, malicious, or fails to state a claim upon which relief may be granted.") [ECF No. 14] (strike three), appeal dismissed for failure to prefect appeal, *Franklin v. Ferguson, et al.*, No. 10-55583 (9th Cir. Sept. 21, 2010) [ECF No. 25].[2]

Accordingly, because Plaintiff has, while incarcerated, accumulated at least three "strikes" as defined by Section 1915(g), in order to be entitled to proceed IFP in this action he must make a "plausible allegation" that he faced imminent danger of serious physical injury at the time he filed his Complaint. *See Cervantes*, 493 F.3d at 1055.

## 2. Imminent Danger Exception

Plaintiff's Complaint does not contain a "plausible allegation" to suggest he "faced 'imminent danger of serious physical injury' at the time of filing." *Cervantes*, 493 F.3d at 1055, quoting 28 U.S.C. § 1915(g). Plaintiff alleges his civil rights were violated as a result of his 2018 arrest, his 2019 conviction, and in connection with a 2020 plea agreement after his conviction was reversed on appeal. Doc. No. 1 at 1, 14, 18. To qualify for Section 1915(g)'s imminent danger exception, the danger Plaintiff alleges he faces must be real, proximate, and/or ongoing at the time he filed his Complaint.

---

[2] Plaintiff's prior case 09cv1797-H (JMA) counts as a strike even though he paid the filing fee after being denied permission to proceed IFP. *See Belanus v. Clark*, 796 F.3d 1021, 1030 (9th Cir. 2015) (holding that "strikes under § 1915(g) may be accrued regardless of whether the prisoner has paid the filing fee or is proceeding in forma pauperis.") In fact, 09cv1797-H (JMA) technically counts as two strikes since Plaintiff's appeal was also explicitly determined to be frivolous. *See Franklin v. Ferguson, et al.*, No. 10-55583 (9th Cir. Aug. 24, 2010) (Order finding appeal frivolous, denying IFP and directing Plaintiff to pay filing fee within 21 days to proceed) [ECF No. 23], despite the fact the appeal was ultimately dismissed for failing to respond to that order and perfect the appeal. *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015) (counting appeal found to be frivolous as a strike "even though we did not dismiss the appeal until later when Richey did not pay the filing fee.").

*Cervantes*, 493 F.3d at 1056. Incidents of past harm, such as alleged by Plaintiff in his 2021 Complaint, are insufficient. *See Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) ("Allegations of past harm do not suffice; the harm must be imminent or occurring at the time the complaint is filed.")

Accordingly, the Court **DENIES** Plaintiff's Motion to proceed IFP. He may proceed with this action after paying the filing fee. *See Rodriguez*, 169 F.3d at 1180 (finding that 28 U.S.C. Section 1915(g) "does not prevent all prisoners from accessing the courts; it only precludes prisoners with a history of abusing the legal system from continuing to abuse it while enjoying IFP status"); *see also Weller v. Dixon*, 314 F.2d 598, 600 (9th Cir. 1963) (holding that permission to proceed IFP is a privilege within the discretion of the court).

## II.   Conclusion and Orders

For the reasons set forth above, the Court:

(1)   **DENIES** Plaintiff's Motion to Proceed IFP (ECF No. 2) as barred by 28 U.S.C. Section 1915(g); and,

(2)   **DISMISSES** Plaintiff's Complaint for failure to satisfy the filing fee requirement. Unless Plaintiff pays the $402 civil filing fee within forty-five (45) days of the date this Order is filed, the Court will enter a final judgment of dismissal.

**IT IS SO ORDERED**.

DATE: February 18, 2021

HON. MICHAEL M. ANELLO
United States District Judge