UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE FRANKLIN, BOOKING #19755604/CDCR #H-57496,<br><br>Plaintiff,<br><br>vs.<br><br>JOSEPH GOMEZ, et al.,<br><br>Defendants. | Case No.: 21cv0252-MMA (AGS)<br><br>**ORDER DENYING PLAINTIFF'S EX PARTE MOTION FOR MISCELLANEOUS RELIEF AND EXTENDING TIME TO PAY CIVIL FILING FEE**<br><br>[Doc. No. 6] |

On February 9, 2021, Plaintiff Robert Lee Franklin, currently incarcerated at the George F. Bailey Detention Facility in San Diego, California, filed a civil Complaint pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), along with a Motion for leave to proceed in forma pauperis ("IFP"). *See* Doc. Nos. 1, 2. The Court construed the Complaint as arising under 42 U.S.C. § 1983 rather than *Bivens,* found that Plaintiff has had at least three prior prisoner civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief may be granted, and denied his motion to proceed in forma pauperis pursuant to the three strikes provision of 28 U.S.C. § 1915 after determining Plaintiff's Complaint did not contain a plausible allegation suggesting he faced imminent danger of serious physical injury at the time of its filing. *See* Doc. No. 3 at 2-5. This action was

1

dismissed without prejudice for failure to satisfy the filing fee requirement, and Plaintiff was instructed that if he wished to proceed, he must pay the $402 civil filing fee on or before April 5, 2021. *Id*. at 5.

    Plaintiff now moves the Court to order the George F. Bailey Detention Facility to withdraw the $402 filing fee from his inmate trust account and forward it to the Court, and for the Court to then send him a copy of the receipt for the filing fee and a copy of his Complaint. *See* Doc. No. 6. The financial information previously provided by Plaintiff in support of his in forma pauperis application, which is dated December 31, 2020, indicated he had $0.02 on account in his inmate trust account at that time. *See* Doc. No. 2 at 4. Although unclear, it appears Plaintiff may be requesting that the Court order the George F. Bailey Detention Facility to advance him the filing fee due to his insufficient funds. Otherwise, to the extent the balance of his inmate trust account has increased and now contains sufficient funds to pay the filing fee, Plaintiff must arrange for the institution to forward the fee to the Court. In any event, the Court is unable to order any relief as it lacks personal jurisdiction over the relevant officials and currently lacks subject matter jurisdiction over this action. *See, e.g.*, *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 350 (1999) (noting that "one becomes a party officially, and is required to take action in that capacity, only upon service of a summons or other authority-asserting measure stating the time within which the party served must appear to defend.")

    Accordingly, the Court **DENIES** Plaintiff's ex parte motion but sua sponte extends the time for Plaintiff to pay the filing fee and reinstitute this action. Plaintiff must pay the $402 filing fee within forty-five (45) days of the date this Order is filed; otherwise, the Court will enter a final judgment of dismissal.

    **IT IS SO ORDERED**.

DATE: March 5, 2021

                                          HON. MICHAEL M. ANELLO
                                          United States District Judge