UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT LEE FRANKLIN, BOOKING #19755604, CDCR #H-57496,<br><br>                      Plaintiff,<br>vs.<br><br>JOSEPH GOMEZ, et al.,<br><br>                      Defendants. | Case No. 21cv252-MMA (AGS)<br><br>**ORDER DISMISSING FIRST AMENDED COMPLAINT WITHOUT LEAVE TO AMEND PURSUANT TO 28 U.S.C. § 1915A(b)** |

On February 9, 2021, Plaintiff Robert Lee Franklin, incarcerated at the George F. Bailey Detention Facility in San Diego, California, filed a civil rights Complaint along with a Motion for leave to proceed in forma pauperis ("IFP"). *See* Doc. Nos. 1-2. He alleged his civil rights were violated by four private security officers employed by the corporation that owns or operates the Westfield Mall in Carlsbad, California, the CEO and four owners of that corporation, five Carlsbad Police Officers, two Deputy Public Defenders and a Deputy District Attorney, all in connection with his arrest at the Westfield Mall and subsequent conviction for theft of a medical device, which was overturned on appeal but for which he was again convicted after an allegedly coerced

plea agreement. *See* Doc. No. 1 at 2-18.

On February 18, 2021, the Court denied Plaintiff's IFP motion pursuant to 28 U.S.C. § 1915(g) after finding he has while incarcerated had at least three civil actions dismissed on the grounds they were frivolous, malicious, or failed to state a claim upon which relief can be granted and dismissed this action without prejudice to pay the civil filing fee. *See* Doc. No. 3. Plaintiff paid the filing fee on April 16, 2021. *See* Doc. No. 8.

On April 28, 2021, the Court screened the Complaint pursuant to the provisions of 28 U.S.C. § 1915A(b), which requires the Court to *sua sponte* dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune from such relief. *See* Doc. No. 9. The Court dismissed the Complaint with leave to amend after finding the prosecutor was immune from suit, the public defender and private party defendants were not alleged to have been acting under color of state law, the non-arresting responding police officers were not alleged to have violated Plaintiff's constitutional rights, and Plaintiff did not state a claim against the arresting police officers because he failed to allege a lack of probable cause for his arrest or that they discriminated against him. *Id*. at 6-15. The Court also declined to exercise supplemental jurisdiction over any state law claims. *Id*. at 15. Plaintiff was informed of the deficiencies of his pleading and instructed that any amended complaint was required to be complete in and of itself without reference to the original Complaint, and that any Defendants not named and any claims not re-alleged would be considered waived. *Id*. at 16.

Plaintiff has now filed a First Amended Complaint ("FAC"), accompanied by a lodgment of documents. *See* Doc. Nos. 11-12. The FAC names only two Defendants, neither of whom were named in the original Complaint, Laura Simpton, a Senior Attorney employed by the California Victims Claims Board, and Eric Rivera, a Program Analysist with the California Government Claims Program. *Id*. at 2-5. Plaintiff seeks to hold these Defendants liable for how they handled a California Government Claims Act

claim he filed seeking compensation for having been convicted of and imprisoned for a crime overturned on appeal. *Id*.

# I. Screening pursuant to 28 U.S.C. § 1915A(b)

## A. Standard of Review

Because Plaintiff is a prisoner his Complaint requires a pre-answer screening pursuant to 28 U.S.C. § 1915A(b), which requires the Court to *sua sponte* dismiss a prisoner's complaint, or any portion of it, which is frivolous, malicious, fails to state a claim, or seeks damages from defendants who are immune from such relief. *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010). "The purpose of § 1915A is to ensure that the targets of frivolous or malicious suits need not bear the expense of responding." *Nordstrom v. Ryan*, 762 F.3d 903, 920 n.1 (9th Cir. 2014) (internal quote marks omitted).

The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915A(b) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim. *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).") Rule 12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009), quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state

law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

B. **Plaintiff's Allegations**

Plaintiff alleges he submitted a California Government Claims Act claim seeking compensation under California Penal Code § 4900, which provides compensation for persons who have "been convicted of any crime against the state amounting to a felony and imprisoned in the state prison or incarcerated in county jail pursuant to [California Penal Code § 1170(h)] for that conviction," and who is innocent because the crime "was either not committed at all or, if committed, was not committed by him or her . . . ." Doc. No. 11 at 3-4. He alleges Defendant Simpton, a Senior Attorney with the California Victims Claims Board, "has denied my claim 2 times and threaten[ed] me the next time I apply, she was going to trash my court paperwork." *Id*. He also alleges Defendant Rivera, a Program Analyst with the Government Claims Program, was involved in some unidentified way in rejecting his claim. *Id*. at 4-5. As the Court noted in its Order dismissing the original Complaint, Plaintiff was convicted by a jury of felony theft of a medical device available for public use, had the conviction reduced to a misdemeanor at sentencing, had the conviction reversed by the appellate court based on jury instruction error, and then pleaded guilty to misdemeanor theft. *See* Doc. No. 9 at 5.

Plaintiff claims the Defendants' actions were taken in their individual and official capacities under color of state law and that they acted with negligent and deliberate indifference to his constitutional right to appeal the denial of his Claims Act claim, which amounted to cruel and unusual punishment in violation of the Eighth Amendment. *See* Doc. No. 1 at 2-5. He seeks mandamus relief granting his Claims Act claim as well as compensatory and punitive damages. *Id*. at 7.

C. **Application of 28 U.S.C. § 1915A(b)**

With respect to Defendant Rivera, who Plaintiff identifies as a "Program Analyst, Government Claims Program," there are no factual allegations against him in the FAC whatsoever, merely conclusory statements: "Deliberately indifferent, wanton negligence, gross negligence, denying access of my state claim violation of my constitutional right to

appeal." Doc. No. 11 at 2. The FAC references a letter from Defendant Rivera to Plaintiff dated August 7, 2020, attached to the FAC, which informs Plaintiff that his Claims Act claim against the California Victim Compensation Board was rejected, and providing confirmation that he can now initiate court action if he chooses to pursue the matter further. *Id*. at 38. The California Government Claims Act requires a person asserting a tort claim against a California governmental entity or employee to present the claim to the California Government Claims Board within six months of accrual and before filing an action for damages against that entity or employee. *See A.M. v. Ventura Unified School District*, 3 Cal.App.5th 1252, 1257 (2016). Presentation of a written claim, and action on or rejection of the claim by the Claims Board, are conditions precedent to filing a suit. *Shirk v. Vista Unified Sch. Dist.*, 42 Cal.4th 201, 208-09 (2007), *superseded by statute on other grounds as stated in A.M.*, 3 Cal.App.5th at 1257. The timely filing of a Claims Act claim is a "condition precedent to" bringing an action because "[c]ompliance with the [California Government Claims Act] is mandatory; and failure to file a claim is fatal to a cause of action." *Hacienda La Puente Unified Sch. Dist. of L.A. v. Honig*, 976 F.2d 487, 495 (9th Cir. 1992) (quoting *City of San Jose v. Superior Court*, 12 Cal.3d 447, 454 (1974)). "[A] plaintiff must allege facts demonstrating or excusing compliance with the claim presentation requirement." *State of California v. Superior Court (Bodde)*, 32 Cal.4th 1234, 1243 (2004).

It is unclear whether Plaintiff's reference to Defendant Rivera as a Defendant in this action is an effort to demonstrate compliance with the Claims Act's presentation requirement necessary to bring this action or because he seeks to hold Defendant Rivera liable merely for informing him that his Claims Act claim had been denied. In either case, the FAC does not state a claim against Defendant Rivera because it does not contain sufficient factual matter, accepted as true, to state a plausible claim that this Defendant deprived Plaintiff "of a right secured by the Constitution and laws of the United States." *Iqbal,* 556 U.S. at 678; *Tsao*, 698 F.3d at 1138. At most, the FAC alleges Defendant Rivera informed Plaintiff that his administrative remedies had been exhausted and he

5

21cv252-MMA (AGS)

could commence a lawsuit, but there are no allegations, plausible or otherwise, that Defendant Rivera took any part in making the decision to deny his claim or impeded his claim in any way. As discussed immediately below, Plaintiff cannot cure that pleading defect and cannot state a 42 U.S.C. § 1983 claim against Defendant Rivera.

Plaintiff claims Defendant Simpton, a Senior Attorney with the California Victims Claims Board, rejected his Claims Act claim seeking compensation for imprisonment for a crime he did not commit, denied his appeal of that rejection, and "has denied my claim 2 times and threaten[ed] me the next time I apply, she was going to trash my court paperwork." Doc. No. 11 at 3-4. Attached to the FAC is a letter from Defendant Simpton dated January 23, 2020, informing Plaintiff that he was seeking compensation based on a misdemeanor conviction which was reversed on appeal due to instructional error and had never been sentenced to state prison or county jail for that offense as a felony, and that as a result did not meet the requirements of California Penal Code § 4900(a), which provides that only those persons who have "been convicted of any crime against the state amounting to a felony and imprisoned in the state prison or incarcerated in county jail . . . for that conviction [which] was either not committed at all or, if committed, was not committed by him or her" may apply for compensation. *Id*. at 44. The letter states that Plaintiff had thirty days in which to submit documentation disputing that determination or his application would be deemed rejected and returned unfiled. *Id*. Plaintiff also attaches an April 28, 2020, letter from Defendant Simpton informing him that his appeal of that determination was rejected for those same reasons. *Id*. at 40. In his separate lodgment, Plaintiff contends Defendant Simpton denied his claim a third time and attaches a July 3, 2020 letter from Defendant Simpton returning his duplicate application for relief "as a one-time courtesy," informing him that any future submissions concerning this case "will be discarded without any consideration and will not be returned to you," and reiterating he is not entitled to compensation under California Penal Code § 4900 "because (1) you did not challenge a felony conviction, only a misdemeanor, and (2) you did not serve any period of imprisonment imposed pursuant to

Penal Code section 1170, subsection (h)." Doc. No. 12 at 2.

Plaintiff claims Defendant Simpton erred and he is in fact entitled to compensation under California Penal Code § 4900 because he was convicted by a jury of a felony, albeit one that was reduced to a misdemeanor at sentencing, for which he was incarcerated and, according to the appellate court, did not commit. As the Court noted in its Order dismissing the original Complaint in this matter, the appellate court did not find that no crime had been committed or that Plaintiff did not commit the crime, merely that a properly instructed jury could have found no crime was committed or Plaintiff did not commit a crime, and the appellate court remanded for a new trial which never took place because Plaintiff thereafter pleaded guilty. *See* Doc. No. 9 at 5.

Plaintiff has failed to allege a violation of the Eighth Amendment's prohibition against cruel and unusual punishment. "To be cruel and unusual punishment, conduct that does not purport to be punishment at all must involve more than ordinary lack of due care for the prisoner's interests or safety. . .. It is obduracy and wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." *Whitley v. Albers*, 475 U.S. 312, 319 (1986). As discussed immediately below, Plaintiff merely alleges the Defendants denied his Claims Act claim based on a different reading of the applicable statute after notifying him of the deficiencies of his claim and providing him an opportunity to correct them, which at most could be considered inadvertence or error in good faith but not obduracy and wantonness.

Because Plaintiff is proceeding pro se, the Court liberally construes his FAC as also alleging a violation of federal due process. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1261 (9th Cir. 1992) (noting that the rule of liberal construction is "particularly important in civil rights cases."). To state a claim for violation of federal due process arising from Defendant Simpton's denial of his claim, Plaintiff must allege facts "which plausibly show a deprivation of a constitutionally protected life, liberty, or property interest." *Shanks v. Dressel*, 540 F.3d 1082, 1087 (9th Cir. 2008). In addition, that depravation must be arbitrary. *Brittain v. Hansen*, 451 F.3d 982, 991 (9th Cir. 2006). "When

executive action like a discrete permitting decision is at issue, only 'egregious official conduct can be said to be arbitrary in the constitutional sense': it must amount to an 'abuse of power' lacking any 'reasonable justification in the service of a legitimate governmental objective.'" *Shanks*, 540 F.3d at 1088, quoting *County of Sacramento v. Lewis*, 523 U.S. 833, 846 (1998).

Construing the allegations in the FAC in the light most favorable to Plaintiff and accepting as true his unlikely contention he can show Defendant Simpton's reading of the statute is incorrect, he has not stated a claim against Defendant Simpton based on her interpretation of the statute. Plaintiff acknowledges Defendant Simpton notified him three times of the deficiency of his claim and allowed him to submit evidence showing he had been incarcerated as a result of a felony he did not commit, and that his Claims Act claim was denied based on Defendant Simpton's interpretation of California Penal Code § 4900. These allegations do not state a federal due process claim. *See Brittain*, 451 F.3d at 996 ("[D]ue process secures individuals from 'arbitrary' government action that rises to the level of 'egregious conduct,' not from reasonable, though possibly erroneous, legal interpretation."). Plaintiff has not, and considering the documents attached to and submitted in support of the FAC cannot, plausibly alleged a violation of his federal constitutional rights against either Defendant for their involvement in denying his claim for compensation under California Penal Code § 4900. *Id.; see also Shanks*, 540 F.3d at 1088 (holding that decisions based on erroneous legal interpretation or made with a lack due care are not constitutionally arbitrary). To the extent Plaintiff intended to bring any state law claims, the Court declines to exercise supplemental jurisdiction over such claims because all of Plaintiff's federal claims have been dismissed. *See Sanford v. Member Works, Inc.*, 625 F.3d 550, 561 (9th Cir. 2010) ("[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims.") (quoting *Carnegie-Mellon Univ. v. Cahill*, 484 U.S. 343, 350 n.7 (1988),

8

21cv252-MMA (AGS)

*superseded on other grounds* by 28 U.S.C. § 1447(c)).

## II. Conclusion and Order

The Court **DISMISSES** the FAC in its entirety pursuant to 28 U.S.C. § 1915A(b) based on Plaintiff's failure to state a claim upon which relief may be granted. Because Plaintiff cannot cure the pleading defects with respect to his claims, dismissal is with prejudice and without leave to amend. *See Rosati v. Igbinoso*, 791 F.3d 1037, 1039 (9th Cir. 2015) ("A district court should not dismiss a pro se complaint without leave to amend unless 'it is absolutely clear that the deficiencies of the complaint could not be cured by amendment.'") (quoting *Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012)). The Court **CERTIFIES** that an IFP appeal would not be taken in good faith pursuant to 28 U.S.C. § 1915(a)(3). The Court **DIRECTS** the Clerk of Court to enter judgment accordingly and close the case.

**IT IS SO ORDERED**.

DATE: July 13, 2021

HON. MICHAEL M. ANELLO
United States District Judge